UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN BUSHANSKY, | ) Case No. |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| PROSIGHT GLOBAL, INC., STEVEN CARLSEN, LAWRENCE HANNON, ANTHONY ARNOLD, ERIC W. LEATHERS, RICHARD P. SCHIFTER, CLEMENT S. DWYER, JR., OTHA T. SPRIGGS, III, SHEILA HOODA, and ANNE WALESKI, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

Plaintiff Stephen Bushansky ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE AND SUMMARY OF THE ACTION**

1. This is an action brought by Plaintiff against ProSight Global, Inc. ("ProSight" or the "Company") and the members of ProSight's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the closing of a proposed transaction, pursuant to which ProSight will be acquired by TowerBrook Capital Partners L.P. ("TowerBrook") and Further Global Capital Management ("Further Global") through Pedal Parent Inc. ("Parent") and Pedal Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").

2. On January 15, 2021, TowerBrook, Further Global and ProSight issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated January 14, 2021 (the "Merger Agreement") to sell ProSight to TowerBrook and Further Global. Under the terms of the Merger Agreement, each ProSight stockholder will be entitled to receive $12.85 in cash for each ProSight share they own (the "Merger Consideration"). The Proposed Transaction is valued at approximately $586 million.

3. Concurrently with the execution of the Merger Agreement, certain affiliates of the Goldman Sachs Group, Inc. ("Goldman Sachs") and certain affiliates of TPG Advisors VI, Inc., holding, in aggregate, 33,366,125 shares, representing a majority of the outstanding ProSight shares and a majority of all votes entitled to be cast with respect to the adoption of the Merger Agreement, delivered a joint written consent adopting the Merger Agreement and the Proposed Transaction. The Company's minority stockholders do not have a vote on the Proposed Transaction.

4. On March 4, 2021, ProSight filed a Schedule 14C Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement omits or misrepresents material information concerning, among other things: (i) the data and inputs underlying the valuation analyses performed by one of the financial advisors to the special committee of the Board ("Special Committee"), Barclays Capital, Inc. ("Barclays"); (ii) potential conflicts of interest faced by the Special Committee's financial advisors, Barclays and Goldman Sachs' investment banking division ("Goldman Sachs IBD"); and (iii) the background leading up to the Proposed Transaction. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

5. In short, unless remedied, ProSight's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed appraisal decision on the Proposed Transaction. Plaintiff seeks to enjoin the closing of the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company maintains its principal executive offices in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of ProSight.

10. Defendant ProSight is a Delaware corporation, with its principal executive offices located at 412 Mt. Kemble Avenue, Suite 300, Morristown, New Jersey 07960. ProSight, together

with its subsidiaries, operates as an entrepreneurial specialty insurance company in the United States. ProSight's common stock trades on the New York Stock Exchange under the ticker symbol "PROS."

11. Defendant Steven Carlsen ("Carlsen") is Chairman of the Board and has been a director of the Company since 2010.

12. Defendant Lawrence Hannon ("Hannon") is a founding member of ProSight and has been the Company's Chief Executive Officer ("CEO") and a director since 2019.

13. Defendant Anthony Arnold ("Arnold") has been a director of the Company since 2010. Defendant Arnold is a Managing Director at Goldman Sachs, the Company's largest stockholder which owns approximately 38.9% of ProSight's outstanding shares.

14. Defendant Eric W. Leathers ("Leathers") has been a director of the Company since 2012. Defendant Leathers has been a partner of Further Global since 2018 and serves as a member of its Investment Committee.

15. Defendant Richard P. Schifter ("Schifter") has been a director of the Company since 2010. Defendant Schifter has been a Senior Advisor at TPG Capital, LP ("TPG") since 2013. TPG is the Company's second largest stockholder, owning approximately 37.4% of ProSight's outstanding shares.

16. Defendant Clement S. Dwyer, Jr. ("Dwyer") has been a director of the Company since 2010.

17. Defendant Otha T. Spriggs, III ("Spriggs") has been a director of the Company since 2019.

18. Defendant Sheila Hooda ("Hooda") has been a director of the Company since 2019.

19. Defendant Anne Waleski ("Waleski") has been a director of the Company since 2020.

20. Defendants identified in paragraphs 11-19 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

21. TowerBrook is an investment management firm that has raised in excess of $17.4 billion to date. The firm is co-headquartered in New York and London and focuses on making investments in companies headquartered in North America and Europe.

22. Further Global is an employee-owned private equity firm that makes investments in businesses within the financial services industry. Further Global has offices in New York and Toronto.

23. Parent is a Delaware corporation that is owned by certain affiliates of TowerBrook and certain affiliates of Further Global.

24. Merger Sub is a Delaware corporation and a wholly owned subsidiary of Parent.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

25. Founded in 2009, ProSight, is a property and casualty insurance company with a focus on underwriting specialty risks by partnering with a select number of distributors, often on an exclusive basis. The Company has a diverse business mix covering specialty niches in eight customer segments. It underwrites insurance coverages in the lines of commercial auto, general liability, workers' compensation, commercial multiple perils, and others. The Company serves customers in construction, consumer service, marine and energy, media and entertainment, professional service, real estate, sports, and transportation industries. ProSight markets and distributes its insurance product offerings in all 50 states within the United States of America,

on both an admitted and non-admitted basis.

**The Proposed Transaction**

26.     On January 15, 2021, TowerBrook, Further Global, and ProSight issued a joint press release announcing the Proposed Transaction.  The press release states, in relevant part:

> NEW YORK and LONDON and MORRISTOWN, N.J., Jan. 15, 2021 -- TowerBrook Capital Partners L.P. ("TowerBrook"), an international investment management firm, and Further Global Capital Management ("Further Global"), a private equity firm focused on the financial services industry, today announced the signing of a definitive merger agreement, under which affiliates of TowerBrook and Further Global will acquire all outstanding shares of common stock of ProSight Global, Inc. (NYSE: PROS) ("ProSight" or "the Company"), a domestic specialty insurance company, in an all-cash transaction valued at approximately $586,000,000.
>
> Under the terms of the agreement, ProSight stockholders will receive $12.85 per share of common stock, which represents a 42% premium to the closing share price as on September 23, 2020, the last trading day prior to media reports about a possible acquisition by TowerBrook. TowerBrook will acquire a majority stake in ProSight, with Further Global serving as a key minority co-investor.
>
> The merger agreement was recommended by a special committee of the ProSight Board of Directors and was then approved by ProSight's full Board. The acquisition is expected to close in the third quarter of 2021 and is subject to customary closing conditions, including the receipt of required regulatory approvals, and the completion of a reinsurance transaction with Enstar that will serve to reposition ProSight's capital in support of future growth. Affiliates of the Merchant Banking business of Goldman Sachs and TPG Global, LLC have executed a written consent to approve the transaction, thereby providing the required stockholder approval for the transaction. No further action by other ProSight stockholders is required to approve the transaction.
>
> Founded in 2009, ProSight is an innovative property and casualty insurance company writing a diverse mix of admitted and non-admitted specialty lines of business in all 50 states. ProSight is a fully licensed and fully rated turnkey platform with significant franchise value in its core niches. The Company has a number of long-standing and successful distribution relationships, a well-developed technology platform, and scalable infrastructure.
>
> Upon closing, Jonathan Ritz will become CEO, while ProSight's current President and CEO, Larry Hannon, will continue serving as President. Mr. Ritz joins ProSight after previously serving as President of Aspen Insurance Holdings Limited, Chief Operating Officer of Validus Holdings Limited, and Chief Executive Officer of Validus Specialty. Upon completion of the transaction, ProSight will become a

private company with the flexibility and capital to accelerate its next stage of growth, and Mr. Ritz and Mr. Hannon will work together with TowerBrook and Further Global to continue ProSight's development and strategic realignment.

"This is a very exciting and challenging insurance market which is undergoing significant changes in distribution, pricing, capital management, and capacity exiting across many lines of business," said Jonathan Ritz. "Increased frequency and magnitude of natural catastrophes, social inflation, and the COVID-19 crisis have contributed to substantial market dislocations, and ProSight represents a quality platform that is well-positioned to capitalize on this environment. I am looking forward to working with the Company's many talented underwriters, employees, and distribution partners to build a market-leading specialty insurance company."

"This transaction and the new partnership with TowerBrook and Further Global will expand ProSight's underwriting capabilities and fund investments in talent and technology that will improve our offerings to distribution partners and customers," said Larry Hannon. "Since our founding 12 years ago, our employees have dedicated themselves to creating a differentiated specialty insurance company. I'm very proud of what we created, thank them for their dedication, and very much look forward to working closely with Jonathan as we write ProSight's next chapter as a private company."

TowerBrook and Further Global's investment in ProSight is the result of a targeted approach to the insurance market. This acquisition aligns with TowerBrook's investment strategy to back strong management teams operating in growth markets and builds on a long history of investing in the insurance and financial services industries. Further Global's investment in ProSight is a continuation of its principals' successful track record of investing in the insurance and reinsurance industries over the past 22 years. TowerBrook and Further Global will work with ProSight's management team in furtherance of building an enduring specialty insurance franchise.

**The Proxy Statement Contains Material Misstatements or Omissions**

27.     The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to ProSight's stockholders.  The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to seek appraisal in connection with the Proposed Transaction.

28.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information

concerning: (i) the data and inputs underlying the valuation analyses performed by one of the Special Committee's financial advisors, Barclays; (ii) potential conflicts of interest faced by the Special Committee's financial advisors, Barclays and Goldman Sachs IBD; and (iii) the background leading up to the Proposed Transaction.

***Material Omissions Concerning Barclays' Financial Analyses***

29. The Proxy Statement fails to disclose material information concerning Barclays' financial analyses.

30. The Proxy Statement describes Barclays' fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Barclays' fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, ProSight's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Barclays' fairness opinion in determining whether to seek appraisal.

31. With respect to Barclays' *Selected Comparable Company Analysis* and *Selected Precedent Transaction Analysis*, the Proxy Statement fails to disclose the individual multiples and metrics for the companies and transactions observed in the analyses.

32. With respect to Barclays' *Present Value of Future Stock Price Analysis* and *Present Value of Future Stock Price Sensitivity Analysis*, the Proxy Statement fails to disclose: (i) estimated year-end tangible book value (excluding accumulated other comprehensive income ("AOCI")) for ProSight for each of the fiscal years from 2021 to 2025, assuming no annual distributions to stockholders and no change in intangibles during each of such fiscal years; (ii) estimated tangible book value (excluding AOCI) per share; and (iii) quantification of the inputs and assumptions underlying the discount rate range of 11.0% to 14.0% used in the analysis.

33. With respect to Barclays' *Discounted Cash Flow Analysis* and *Discounted Cash Flow Sensitivity Analysis*, the Proxy Statement fails to disclose: (i) ProSight's projected hypothetical distributions of capital in excess of minimum target capital levels established by ProSight management for each of the fiscal years ending December 31, 2021 through December 31, 2025; (ii) the estimated year-end tangible book value (excluding AOCI) for ProSight for each of the fiscal years from 2021 to 2025; (iii) quantification of the inputs and assumptions underlying the discount rate ranges of 11.0% to 14.0%; and (iv) the fully diluted number of shares of ProSight common stock.

34. With respect to Barclays' *Equity Analyst Target Prices Analysis*, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

35. The omission of this information renders the statements in the "Opinion of the Financial Advisor to the Special Committee" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Barclays' and Goldman Sachs IBD's Potential Conflicts of Interest***

36. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Barclays and Goldman Sachs IBD.

37. The Proxy Statement sets forth:

> Barclays has performed various investment banking and financial services for ProSight and its affiliates in the past, and expect to perform such services in the future, and has received, and expect to receive, **customary fees** for such services. Specifically, in the past two years, Barclays has acted as an active bookrunner on the ProSight IPO. In addition, Barclays and its affiliates in the past have provided, currently are providing, or in the future may provide, investment banking services to GS Capital Partners VI LP ("GS Capital"), TPG Capital, LP ("TPG Capital"), Towerbrook, Further Global and certain of their respective affiliates and portfolio companies and have received or in the future may receive **customary fees** for rendering such services, including (i) having acted or acting as financial advisor to GS Capital, TPG Capital, Towerbrook, Further Global and certain of their

> respective portfolio companies and affiliates in connection with certain mergers and acquisition transactions; (ii) having acted or acting as arranger, bookrunner and/or lender for GS Capital, TPG Capital, Towerbrook, Further Global and certain of their respective portfolio companies and affiliates in connection with the financing for various acquisition transactions; and (iii) having acted or acting as underwriter, initial purchaser and placement agent for various equity and debt offerings undertaking by GS Capital, TPG Capital, Towerbrook, Further Global and certain of their respective portfolio companies and affiliates.

Proxy Statement at 44-45 (emphasis added). The Proxy Statement fails, however, to disclose the amount of compensation Barclays has received, or expects to receive, from ProSight, GS Capital Partners VI LP, TPG, Towerbrook, and Further Global.

38. In addition, the Proxy Statement sets forth that at the August 19, 2020 Special Committee meeting:

> The Special Committee discussed what fee arrangement with Goldman Sachs IBD would be reasonable for an engagement of this nature in light of the fact that Barclays had also been engaged and was serving as a financial advisor for the potential transaction. In the course of this discussion the Special Committee considered, among other things, the value to the Company of having the benefit of two financial advisors with deep experience in the industry and deep knowledge of the Company and the importance of negotiating a reasonable fee with Goldman Sachs IBD in light of the Company's existing arrangement with Barclays.

*Id.* at 24. The Proxy Statement fails, however, to disclose the details of Goldman Sachs IBD's fee arrangement with the Company.

39. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

40. The omission of this information renders the statements in the "Opinion of the Financial Advisor to the Special Committee" and "Background of the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

41. The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information, Plaintiff and the other ProSight stockholders will be unable to make an informed decision whether to seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

42. Plaintiff repeats all previous allegations as if set forth in full.

43. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

44. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the data and inputs underlying the valuation analyses performed by Barclays, potential conflicts of interest of the Special Committee's financial advisors, and the background of the Proposed Transaction. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding whether to

exercise their appraisal rights.

46. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

47. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for Violations of
Section 20(a) of the Exchange Act**

48. Plaintiff repeats all previous allegations as if set forth in full.

49. The Individual Defendants acted as controlling persons of ProSight within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of ProSight, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations

as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

52.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

53.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, ProSight's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of ProSight, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to ProSight stockholders;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 12, 2021

**WEISSLAW LLP**

By */s/ Mark. D. Smilow*
Mark. D. Smilow
Richard A. Acocelli (to be admitted *pro hac vice*)
1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: msmilow@weisslawllp.com

*Attorneys for Plaintiff*